Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite1300
Salt Lake City, UT 84111
Tel: (801) 533-0320
Email: rbb@batemanip.com; mail@batemanip.com

*Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC, a Utah Limited Liability Company, and MICHAEL HUBBS, an individual,<br><br>　　　　　　Plaintiff,<br>vs.<br><br>CHARLTON LACHASE, an individual, ANDRA RUSH, an individual, STEVEN DUHON, an individual, and BRIAN HERTNEKY, and individual,<br>.<br>　　　　　　Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>**Case No.** 2:23-cv-00207-DAO<br><br>**Judge** Daphne A. Oberg |

Plaintiffs The Wizard Trades, LLC, and Michael Hubbs, complain against Defendants Charlton Lachase, Andra Rush, Steven Duhon and Brian Hertneky, as follows:

## PARTIES

1.　　Plaintiff The Wizard Trades, LLC ("TWT"), is a Utah limited liability company having a business address in Salt Lake County, Utah.

2.　　Plaintiff Michael Hubbs ("Hubbs"), is an individual residing in Salt Lake County, Utah.

3. On information and belief, Defendant Charlton Lachase ("Lachase"), is an individual residing in Fort Pierce, Florida.

4. On information and belief, Andra Rush is a resident of Pinellas, Florida.

5. On information and belief, Defendant Steven Duhon is a resident of Plano, Texas.

6. On information and belief, Brian Hertneky is a resident of Ontario, Canada.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338, as the amount in controversy exceeds $75,000.

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are related to the claim of this action within the Court's original jurisdiction.

9. This Court has personal jurisdiction over the Defendants, as the acts alleged herein occurred in this District and Defendants have directed their comments into this state.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims stated herein have occurred in this District.

## GENERAL ALLEGATIONS

11. TWT is in the business of selling instructional materials which teach people how to do online training of stocks and cryptocurrencies.

12. Since 2021, TWT has been providing video courses in American Sign Language that teaches people how to watch for various patterns in the stock market and how to engage in on-line trading and the like to make money trading stocks.

13. As part of TWT's course, TWT directs its students to resources which allow its students to practice trading using pretend investments so that they can learn to apply the principles taught in TWT's course.

14. TWT provides the course on line so that students can repeat the course as often as needed to master the skills of identifying various market trends which can be used to make money.

15. TWT offers coaching and makes it clear that practice is necessary prior to using actual funds to apply the principles in the market.

16. In early 2023, Defendant Lachase contacted TWT in Utah about taking TWT's on-line trading course. Defendant Lachase assisted TWT at a seminar that TWT was holding and was offered the discounted rate of $6,000 for each of Lachase and his wife to obtain access to the TWT course.

17. As part of the program, Lachase was provided a copy of TWT's terms and conditions for taking the course.

18. As part of the terms and conditions, Lachase was warned that there were no refunds.

19. Additionally, Lachase was advised that the content was provided as is and without any warranty.

20. Lachase was further advised that use of the website was at his own risk.

21. Lachase was further advised that TWT reserved the rights to terminate access to the materials in the event a user violated TWT's terms of service.

22. Despite knowing the conditions, Lachase paid TWT $12,000 to purchase access to the course for Lachase and his wife.

23. TWT offered to assist Lachase and to provide coaching while Lachase practiced the trading techniques taught by TWT using practice accounts.

24. Lachase declined TWT offers and elected not to practice the techniques. Rather, Lachase began to promptly trade with an actual account with his investment being at risk.

25. Lachase promptly had significant losses due to his lack of understanding of the trading strategies taught in TWT's course.

26. Rather than accepting blame for his failure to practice and learn the techniques taught by TWT prior to risking his money, Lachase took to social media to claim that TWT was a scam.

27. Lachase demanded a full refund despite having been told in advance that there are no refunds.

28. Lachase has made numerous claims accusing TWT and its owner Michael Hubbs of being fraudulent and selling a scam.

29. Lachase further stated that: "I'm ready to go into SYL (fb group with tons of people) to share....to warn everyone that Michael Hubbs' course for $6,500...he's very manipulative...You're right that Michael Hubbs is a SCAM. He's a very bad person. I will get in SYL to try and destroy Michael Hubbs."

30. Lachase further stated: "I will share everything of his course materials from lesson 1 to lesson 21 FREE FOR EVERYONE, EVERYTHING FREE hahahaha. I haven't signed any contract, means I can do anything... hahaha. Freedom of speech."

31. In light of Lachase making TWT's proprietary content available to the public, TWT terminated Lachase's access to TWT's course materials.

32. Lachase had continued to text and otherwise contact Michael Hubbs and threaten him.

33. Lachase has a history of making terroristic threats against third persons, including statements threatening to kill people.

34. Despite being told that he does not have authorization to distribute TWT's copyrighted materials, Lachase has continued to public disclose the materials and to encourage others to do the same.

35. On information and belief, Lachase and the other defendants have distributed sufficient copies of TWT's course to causes damages exceeding $75,000.

36. Additionally, Lachase and the other defendants have damaged the reputation of Hubbs and TWT by claiming that Hubbs and TWT they are engaging in a fraud and that they are scamming people.

37. The Defendants have called Hubbs a con artist.

38. On information and belief, the remaining defendants have repeated similar statements made by Lachase.

39. Defendant Hertneky runs a Facebook page called Lighteye wherein Hertneky provides commentary on stocks and cryptocurrency.

40. Hertneky is thus a competitor of TWT.

41. Hertneky states on his FACEBOOK page that "Michael Hubbs is a con artist" and posts contend derogatory of Hubbs.

42. On information and belief, Hertneky has attacked Hubbs in order to increase viewership and attract people to his FACEBOOK group Deaf Stocks & Cryptos.

43. The false statements made by Defendants were made maliciously and with complete disregard for the rights of TWT and Hubbs.

## COUNT I

### (LIBEL AND SLANDER)

### (All Defendants)

44. Plaintiffs incorporate the allegations of paragraphs 1-43 and further allege:

45. Defendants have made statements of fact against TWT and Hubbs, including, but not limited to, that TWT is a scam and that Hubbs is a scammer and engaged in fraud. Defendants have also accused Hubbs of being a con artist.

46. Defendants' statements were published on social media, including FACEBOOK.

47. The statements made by Defendants were false.

48. The statements made by Defendants were made to damage the reputation of TWT and Hubbs, and specifically to destroy Hubbs's reputation.

49. The statements about TWT and Hubbs has caused TWT to lose sales and had damaged the reputation of Hubbs.

50. The statements were not privileged.

51. The Defendants other than Lachance have repeated the false and defamatory statements made by Lachance in an effort to help Lachance destroy the reputation of Hubbs.

52. On information and belief the actions of the Defendants have cost Hubbs in excess of $100,000.

53. Defendants actions have been malicious and TWT and Hubbs are entitled to punitive damages therefore.

54. Wherefore, TWT and Hubbs assert a claim for libel and slander.

## COUNT II

## TORTIOUS INTERFERENCE WITH ECONOMIC RELATIONS

## (BY TWT AGAINST ALL DEFENDANTS)

55. Plaintiff TWT incorporates the allegations of paragraphs 1-54 and further allege:

56. Plaintiff TWT sells a training course in on-line trading called The Wizard Trades.

57. TWT makes its income by selling subscriptions to its training materials.

58. TWT's subscription service is particularly focused on the deaf community as the teaching materials are presented in American Sign Language.

59. TWT has a prospective economic relationships with those in the deaf community who are looking to learn more about on-line trading.

60. Defendants were aware of TWT's on-line training and made false and disparaging comments about the training and TWT and Hubbs in an effort to cause people not to purchase TWT's product and to destroy the reputation of Hubbs.

61. Defendants interfered with the prospective economic relationship between TWT and its potential customers for the sole purpose of harming TWT and Hubbs.

62. Defendants used improper means to interfere with TWT's potential economic relations, including false claims that TWT was promoting a scam or a fraud and that the owner of TWT was a con artist.

## (COUNT III)

## (FALSE ADVERTISING – 15 U.S.C. § 1125(a))

## (TWT AGAINST DEFENDANT HERTNEKY)

63. Plaintiffs incorporates the allegations of paragraphs 1-62 and further alleges:

64. TWT and Defendant Hertneky are competitors in that both provide information about trading stocks and cryptocurrency on-line.

65. In an effort to mislead the public and increase traffic to Hertneky's on-line pages, Hertneky has made false and misleading statements about TWT's course materials, including that the course is a scam and that the owner of TWT is a con artist.

66. Hertneky's comments are a false or misleading statement of fact.

67. Hertneky's comments were made in a commercial advertisement or promotion.

68. Hertneky's comments have deceived or are likely to deceive consumers in a material way.

69. Hertneky's comments were made in interstate commerce.

70. Hertneky's comments have caused and are likely to cause competitive or commercial injury to TWT.

71. All of the actions alleged herein where specifically targeted at Hubbs and TWT in Utah and have sought to damage Hubbs and TWT in Utah.

## PRAYER FOR RELIEF

In view of the foregoing, H&H asks this Court to grant relief as follows:

1. For Judgment that Defendants engaged liable and slander and for an award of all remedies available therefor, including, but not limited to:

8

      a.      An award of TWT and Hubbs' damages in an amount to be determined at trial.

      b.      An award of punitive damages for Defendants' malicious conduct.

      c.      An award of TWT and Hubbs' costs.

      d.      An award of injunctive relief barring Defendants from further acts of libel and slander.

      e.      An order requiring Defendants to remove all defamatory statements about TWT and/or Hubbs.

2.      For judgment that Defendants have engaged in tortious interference with economic relations and for an award of all remedies available therefore, including, but not limited to

      a.      An award of TWT and Hubbs' damages in an amount to be determined at trial.

      b.      An award of TWT and Hubbs' costs.

      c.      An award of injunctive relief barring Defendants from further acts of tortious interference.

      d.      An order requiring Defendants to remove all false statements about TWT and/or Hubbs.

3.      For judgment that Defendant Hertneky engaged in False Advertising and for an award of all remedies available therefore, including, but not limited to:

      a.      An award of Defendants' profits;

      b.      An award of TWT's damages in an amount to be determined at trial;

        c.       An award for TWT's costs; and

        d.       An award of injunctive relief.

4.       For such other award as the Court considers just.

## JURY DEMAND

TWT and Hubbs seek a trial by jury of all issues so triable.

        BATEMAN IP

        /s/ Randall B. Bateman
        Randall B. Bateman

        *Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*