UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC; and MICHAEL HUBBS,<br><br>Plaintiffs,<br>v.<br><br>CHARLTON LACHASE; ANDRA RUSH; STEVEN DUHON; and BRIAN HERTNEKY,<br><br>Defendants. | **ORDER GRANTING LIMITED APPOINTMENT OF COUNSEL FOR CHARLTON LACHASE**<br><br><br>Case No. 2:23-cv-00207<br><br>Magistrate Judge Daphne A. Oberg |

Pro se defendant Charlton Lachase has filed a motion for appointment of counsel.[1] As set forth below, the court grants the motion in part and appoints counsel on a limited-scope basis to represent Mr. Lachase in responding to the amended complaint, including filing a motion to dismiss and/or answer.

Under 28 U.S.C. § 1915, the court may permit a person to defend a lawsuit without prepayment of fees if the person demonstrates an inability to pay.[2] The same statute authorizes the court to "request an attorney to represent any person unable to afford counsel."[3] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[4]

---

[1] (Mot. to Provide Public Federal Lawyer, Doc. No. 14.)

[2] 28 U.S.C. § 1915(a)(1).

[3] *Id.* § 1915(e)(1).

[4] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

1

As a supplement to his motion for appointment of counsel, Mr. Lachase filed a motion to proceed *in forma pauperis*, which the court granted.[5] Based on the financial information submitted in that motion, the court finds Mr. Lachase is unable to afford counsel. The factors set forth above also weigh in favor of a limited appointment of counsel. First, based on a review of the amended complaint,[6] it appears Mr. Lachase may be able to raise potentially meritorious defenses or grounds for dismissal, such as lack of personal jurisdiction. Second, Mr. Lachase indicates he lives in Florida and has difficulty writing using English grammar because he is deaf.[7] These circumstances limit Mr. Lachase's ability to effectively defend this case in the District of Utah without counsel. Finally, the nature and complexity of the claims against Mr. Lachase—including copyright infringement, libel and slander, and tortious interference with economic relations—support a limited appointment of counsel to assist Mr. Lachase in responding to the amended complaint.

For these reasons, Mr. Lachase's motion to appoint counsel[8] is granted in part, and the court ORDERS as follows:

1. The Clerk of Court is directed to secure pro bono counsel to provide limited representation of Mr. Lachase in this action as follows: counsel shall represent Mr. Lachase in responding to the amended complaint, including filing a motion to dismiss and/or answer. If a motion to dismiss is filed, counsel shall represent Mr. Lachase in briefing and arguing the

---

[5] (*See* Motion to Proceed In Forma Pauperis, Doc. No. 18; Order Granting Motion to Proceed In Forma Pauperis, Doc. No. 19.)

[6] (Doc. No. 8.)

[7] (*See* Mot. to Provide Public Federal Lawyer, Doc. No. 14.)

[8] (Doc. No. 14.)

motion. Counsel must comply with further court orders, including appearing at hearings as directed. The appointment shall terminate upon the earlier of (1) dismissal of Mr. Lachase from this action or (2) the filing of an answer by Mr. Lachase.

2. Mr. Lachase will continue to receive notice of all filings with the court and will remain responsible for all matters not specifically described in this order.

3. Appointed counsel shall enter a limited appearance on the docket consistent with Rule 83-1.3(b) of the Local Rules of Civil Practice. Counsel must file a notice with the court informing the court when the purpose and scope of the limited appearance have been fulfilled.

4. Any party may move to clarify the description of the purpose and scope of the limited appearance. Mr. Lachase or his counsel may file a motion requesting that the limited-scope appointment be extended to other matters.

DATED this 10th day of May, 2023.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge