UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC; and MICHAEL HUBBS,<br><br>Plaintiffs,<br>v.<br><br>CHARLTON LACHASE; ANDRA RUSH; STEVEN DUHON; and BRIAN HERTNEKY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION (DOC. NO. 25)**<br><br>Case No. 2:23-cv-00207<br><br>Magistrate Judge Daphne A. Oberg |

On May 10, 2023, the court granted defendant Charlton Lachase's motion to proceed *in forma pauperis*.[1] Plaintiffs have filed a motion for reconsideration of that order, arguing Mr. Lachase failed to report income from two businesses in his motion to proceed *in forma pauperis*.[2] Because Plaintiffs have not demonstrated reconsideration is warranted, the motion is denied.

A court may reconsider its prior orders to "correct clear error or prevent manifest injustice."[3] Thus, reconsideration is appropriate only where "the court has misapprehended the facts, a party's position, or the controlling law."[4]

---

[1] (*See* Doc. No. 19.)

[2] (Mot. for Reconsideration, Doc. No. 25.)

[3] *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[4] *Id.*

1

Under 28 U.S.C. § 1915, the court may permit a person to defend a lawsuit without prepayment of fees if the person demonstrates an inability to pay.[5] The court's form motion to proceed *in forma pauperis* includes check boxes for the applicant to indicate whether the applicant receives SNAP, Medicaid, or SSI, or whether the applicant is represented by a lawyer from a legal aid organization. If the applicant answers "yes" to any of these questions, the form instructs the applicant to skip to the bottom of the motion and sign and date it (meaning the applicant is not required to submit further financial disclosures). This is because the court considers an applicant's qualification to receive SNAP, Medicaid, SSI, or legal aid representation to be sufficient evidence of the applicant's inability to pay the costs of the proceeding under 28 U.S.C. § 1915.

In his motion to proceed *in forma pauperis*, Mr. Lachase checked boxes indicating he receives SNAP, Medicaid, and SSI.[6] Therefore, he was not required to provide further financial disclosures. Nevertheless, Mr. Lachase did fill out some other portions of the form, indicating the amount of the monthly disability benefits he receives as well as information regarding his assets and expenses.[7]

Plaintiffs argue Mr. Lachase failed to report income from a pallet recycling business and auto import business.[8] Plaintiffs attached recent Facebook posts from Mr. Lachase stating he runs a business collecting and selling wood pallets and offering 1,000 pallets for sale for $4.50

---

[5] 28 U.S.C. § 1915(a)(1).

[6] (Doc. No. 18 (sealed).)

[7] (*Id.*)

[8] (Mot. for Reconsideration, Doc. No. 25.)

each.[9] Plaintiffs also attached recent Facebook posts stating Mr. Lachase owns a business purchasing Japanese vehicles and had purchased a 1997 vehicle and two other vehicles from Japan.[10]

Plaintiffs have not demonstrated grounds for reconsideration. Mr. Lachase was not required to make further financial disclosures after indicating he receives SNAP, Medicaid, and SSI. Plaintiffs do not contend Mr. Lachase's statements regarding receipt of these benefits were inaccurate, and the evidence Plaintiffs presented does not change the fact that Mr. Lachase receives these benefits. Based on Mr. Lachase's receipt of these benefits, he qualifies to proceed *in forma pauperis*. Further, the evidence Plaintiffs presented regarding other potential sources of income is insufficient to establish Mr. Lachase is able to pay the costs of this proceeding or to afford counsel.[11] Plaintiffs have presented no other basis for reconsideration of the prior order.

Therefore, Plaintiffs' motion for reconsideration is denied.

DATED this 16th day of May, 2023.

                                            BY THE COURT:

                                            */s/ Daphne A. Oberg*
                                            Daphne A. Oberg
                                            United States Magistrate Judge

---

[9] (Ex. A to Mot. for Reconsideration, Doc. No. 25-1.)

[10] (Ex. B to Mot. for Reconsideration, Doc. No. 25-2.)

[11] Although Plaintiffs do not move for reconsideration of the order appointing counsel for Mr. Lachase, they argue "the owner of two businesses should be able to pay for his own counsel." (Mot. for Reconsideration, Doc. No. 25.)