UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC; and MICHAEL HUBBS,<br><br>Plaintiffs,<br><br>v.<br><br>CHARLTON LACHASE; ANDRA RUSH; STEVEN DUHON; and BRIAN HERTNEKY,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT BRIAN HERTNEKY'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. NO. 22)**<br><br>Case No. 2:23-cv-00207<br><br>District Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Pro se defendant Brian Hertneky moves for appointment of counsel.[1] Mr. Hertneky filed a form motion which states "the court has already approved the plaintiff's [sic] application to file the matter *in forma pauperis*."[2] The court ordered Mr. Hertneky to supplement his motion by submitting a motion to proceed *in forma pauperis*, and also invited him to explain the reasons for his request to appoint counsel.[3] Mr. Hertneky filed a motion to proceed *in forma pauperis*,[4] which the court has granted.[5] But he did not file any other supplement explaining the reasons for requesting appointment of counsel.

---

[1] (Doc. No. 22.)

[2] (*Id.*)

[3] (Doc. No. 23.)

[4] (Doc. No. 24.)

[5] (*See* Doc. No. 40.)

1

While defendants in criminal cases have a constitutional right to representation by an attorney,[6] "[t]here is no constitutional right to appointed counsel in a civil case."[7] Appointment of counsel in civil cases is left to the court's discretion.[8] Indigent parties in civil cases may apply for the appointment of counsel under 28 U.S.C. § 1915(e)(1), which allows a court to "request an attorney to represent any person unable to afford counsel." The applicant has the burden to convince the court his/her/their claim or defense has enough merit to warrant appointment of counsel.[9] When deciding whether to appoint counsel, the court considers a variety of factors, including "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present [the] claims, and the complexity of the legal issues raised by the claims."[10]

Based on the financial information in Mr. Hertneky's motion to proceed *in forma pauperis*, Mr. Hertneky is unable to afford counsel. However, as explained above, this alone is insufficient to warrant appointment of counsel. Mr. Hertneky provides no other reason for his request. Considering the factors set forth above, it is not yet clear whether Mr. Hertneky has meritorious defenses. Further, Mr. Hertneky has filed a motion to dismiss,[11] demonstrating some ability to defend the action on his own behalf. Where Mr. Hertneky presents no reason for his

---

[6] *See* U.S. Const. amend. VI; Fed. R. Crim. P. 44.

[7] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[8] *Shabazz v. Askins*, 14 F.3d 533, 535 (10th Cir. 1994).

[9] *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

[10] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (internal quotation marks omitted).

[11] (Doc. No. 12.)

request for appointment of counsel other than indigence, he has not demonstrated appointment of counsel is warranted under the factors set forth above. For these reasons, Mr. Hertneky's motion for appointment of counsel[12] is denied.

DATED this 5th day of June, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge

---

[12] (Doc. No. 22.)