Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite1300
Salt Lake City, UT 84111
Tel: (801) 533-0320
Email: rbb@batemanip.com; mail@batemanip.com

*Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC, a Utah Limited Liability Company, and MICHAEL HUBBS, an individual,<br><br>                    Plaintiff,<br>    vs.<br><br>CHARLTON LACHASE, an individual, ANDRA RUSH, an individual, STEVEN DUHON, an individual, and BRIAN HERTNEKY, and individual,<br>.<br>                    Defendants. | **OPPOSITION TO ANDRA RUSH'S MOTION TO DISMISS**<br><br>Case No. 2:23-cv-00207-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiffs, The Wizard Trades, LLC, and Michael Hubbs, hereby oppose the Motion to Dismiss filed by Andra Rush.

## **BACKGROUND**

Plaintiffs The Wizard Trades, LLC ("TWT") and Michael Hubbs sell a video series providing instruction in sign language on how to engage in day trading. When one of the purchasers claimed to have lost money, Rush and other friends of the purchaser set about to destroy Hubbs business by making available TWT's video series for free on the internet and repeatedly making and republishing statements about Hubbs and TWT which are defamatory and

defamation per se.

In support of her motion to dismiss, Defendant Rush continues republishing negative statements about Hubbs, even though they have no relevance to her motion, and claims that the Complaint fails to identify any conduct on her part.

## ARGUMENT

### I.     THE COMPLAINT IDENTIFIES THE ACTIONS OF THE DEFENDANTS

Defendant Rush claims that the First Amended Complaint fails to identify any actions on her part. Plaintiffs respectfully disagree.

In considering a Motion to Dismiss, the Court must accept "as true all of the well-pled factual allegations." *Coll v. First American Title Insurance*, 642 F.3d 876, 886 (10th Cir. 2011) (*citing Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010)). All inferences in this analysis are read in favor of the pleader. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

The Amended Complaint clearly indicates that Rush has engaged in defamation at a minimum. For example, paragraph 36 states: "On information and belief, Lachase <u>and the other Defendants</u> have distributed sufficient copies of TWT's course to cause damages exceeding $200,000." (Emphasis added). Paragraph 37 states: "Additionally, Lachase <u>and the other defendants</u> have set out to damage the reputation of Hubbs and TWT by claiming that Hubbs and TWT are engaging in fraud and that they were scamming people." (Emphasis added). Rush is one of the other Defendants and is thus being accused of participating in the conduct set forth in the allegation. The allegation does not say some of the other Defendants did something. It states

that the other Defendants did something – indicating that it was all of the other Defendants who engaged in the misconduct.

Likewise, Paragraph 38 states that "Each of the defendants has posted false and defamatory statements about Plaintiffs in an effort to discourage people from dealing with Plaintiffs."  While the paragraph does not identify Rush by name, a statement that "each" of the Defendants did something clearly indicates that Rush engaged in the conduct when Rush is one of the Defendants.

The statement in paragraph 41 that "the remaining Defendants have repeated similar statements made by Lachase" would clearly include Rush as she is one of the remaining Defendants. Similarly, the allegations of paragraph 63 that "the Defendants other than Lachance [sic]" have repeated the false and defamatory statements to help destroy the reputation of Hubbs would clearly include Rush, as she is one of the Defendants other than Lachase.  Taken in a light most favorable to Plaintiffs, the allegations allege misconduct on the part of Rush.

II. **PLAINTIFFS ARE SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Rather than wasting the Court's time determining whether the allegations are specific enough with respect to Defendant Rush, however, Plaintiffs are filing a motion for leave to file a Second Amended Complaint.  The more detailed allegations in the Second Amended Complaint should resolve the issues raised by Defendant Rush and avoid the need for a hearing on Rush's motion.

Respectfully submitted this 31st day of July 2023.

                                           BATEMAN IP

                                           /s/ Randall B. Bateman
                                           Randall B. Bateman

                                           *Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*

5

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **OPPOSITION TO ANDRA RUSH'S MOTION TO DISMISS was** served on Defendants via First Class mail on July 31, 2023, as follows:

Steven Duhon
(by mail at the address of service identified in the executed Summons)

Brian Hertneky – via CM/ECF

Charlton Lachase - via CM/ECF

Andra Rush – via CM/ECF

/s/Randall B. Bateman