# EXHIBIT B

Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite1300
Salt Lake City, UT 84111
Tel: (801) 533-0320
Email: rbb@batemanip.com; mail@batemanip.com

*Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC, a Utah Limited Liability Company, and MICHAEL HUBBS, an individual,<br><br>　　　　　Plaintiff,<br>vs.<br><br>CHARLTON LACHASE, an individual, ANDRA RUSH, an individual, STEVEN DUHON, an individual, and BRIAN HERTNEKY, and individual,<br>.<br>　　　　　Defendants. | ~~FIRST~~SECOND **AMENDED COMPLAINT AND JURY DEMAND**<br><br>Case No. 2:23-cv-00207-DBB-DAO<br><br>Judge David B. Barlow<br><br>Magistrate Judge Daphne A. Oberg |

　　　Plaintiffs The Wizard Trades, LLC, and Michael Hubbs, complain against Defendants

Charlton Lachase, Andra Rush, Steven Duhon and Brian Hertneky, as follows:

## PARTIES

　　　1.　　Plaintiff The Wizard Trades, LLC ("TWT"), is a Utah limited liability company

having a business address in Salt Lake County, Utah.

　　　2.　　Plaintiff Michael Hubbs ("Hubbs"), is an individual residing in Salt Lake County,

Utah.

3. On information and belief, Defendant Charlton Lachase ("Lachase"), is an individual residing in Fort Pierce, Florida.

4. On information and belief, Andra Rush is a resident of Pinellas, Florida.

5. On information and belief, Defendant Steven Duhon is a resident of Plano, Texas.

6. On information and belief, Brian Hertneky is a resident of Auror, Ohio.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332 and 1338, as the amount in controversy exceeds $75,000 and the Complaint includes a claim for Copyright infringement.

8. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are related to the claim of this action within the Court's original jurisdiction.

9. This Court has personal jurisdiction over the Defendants, as the acts alleged herein occurred in this District and Defendants have directed their comments into this state.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims stated herein have occurred in this District.

## GENERAL ALLEGATIONS

11. TWT is in the business of selling instructional materials which teach people how to do online training of stocks and cryptocurrency.

12. Since 2021, TWT has been providing video courses in American Sign Language that teaches people how to watch for various patterns in the stock market and how to engage in

2

on-line trading and the like to make money trading stocks.

13. As part of TWT's course, TWT directs its students to resources which allow its students to practice trading using pretend investments so that they can learn to apply the principles taught in TWT's course.

14. TWT provides the course online so that students can repeat the course as often as needed to master the skills of identifying various market trends which can be used to make money.

15. TWT offers coaching and makes it clear that practice is necessary prior to using actual funds to apply the principles in the market.

16. In early 2023, Defendant Lachase contacted TWT in Utah about taking TWT's on-line trading course. Defendant Lachase assisted TWT at a seminar that TWT was holding and was offered the discounted rate of $6,000 for each of Lachase and his wife to obtain access to the TWT course.

17. As part of the program, Lachase was provided a copy of TWT's terms and conditions for taking the course.

18. As part of the terms and conditions, Lachase was warned that there were no refunds.

19. Additionally, Lachase was advised that the content was provided as is and without any warranty.

20. Lachase was further advised that use of the website was at his own risk.

21. Lachase was further advised that TWT reserved the right to terminate access to the materials in the event a user violated TWT's terms of service.

22. Despite knowing the conditions, Lachase paid TWT $12,000 to purchase access to the course for Lachase and his wife.

23. TWT offered to assist Lachase and to provide coaching while Lachase practiced the trading techniques taught by TWT using practice accounts.

24. Lachase declined TWT's offers and elected not to practice the techniques. Rather, Lachase began to promptly trade with an actual account with his investment being at risk.

25. Due to his lack of understanding of the trading strategies taught in TWT's course and failing to spend adequate time to understand the movement trends among the stock he wished to invest in, Lachase had substantial losses.

26. Rather than accepting blame for his failure to practice and learn the techniques taught by TWT prior to risking his money, Lachase took to social media to claim that TWT was a scam.

27. Lachase demanded a full refund despite having been told in advance that there are no refunds.

28. Lachase has made numerous claims accusing TWT and its owner Michael Hubbs of being fraudulent and selling a scam.

29. Lachase further stated that: "I'm ready to go into SYL (fb group with tons of people) to share....to warn everyone that Michael Hubbs' course for $6,500...he's very manipulative...You're right that Michael Hubbs is a SCAM. He's a very bad person. I will get in SYL to try and destroy Michael Hubbs."

30. Lachase further stated: "I will share everything of his course materials from

lesson 1 to lesson 21 FREE FOR EVERYONE, EVERYTHING FREE hahahaha. I haven't signed any contract, means I can do anything... hahaha. Freedom of speech."

31. In light of Lachase's threat to make TWT's proprietary content available to the public, TWT terminated Lachase's access to TWT's course materials.

32. Lachase was further advised that he did not have authorization to use the videos marketed by TWT and the videos were marked identifying that they were subject to copyright protection.

33. Despite being told that he does not have authorization to distribute TWT's copyrighted materials, Lachase has continued to publicly disclose the materials and to encourage others to do the same.

34. On information and belief, Lachase provided copies of the videos marketed by TWT to the remaining Ddefendants to copy and distribute to the public.

35. Defendant Brian Hertneky posted all of TWT's content on youtube.com and up to 19 people have viewed the course.



5

36. On information and belief, Steven Duhon also provided copies of TWT's content to third parties via Dropbox and encouraged third parties to download unauthorized copies of TWT's content.

36.37. On information and belief, Lachase and the other Ddefendants have distributed sufficient copies of TWT's course to cause damages exceeding $200,000.

37.38. Additionally, Lachase and the other Ddefendants have set out to damage the reputation of Hubbs and TWT by claiming that Hubbs and TWT are engaging in fraud and that they are scamming people.

38.39. Each of the Ddefendants has posted false and defamatory statements about Plaintiffs in an effort to discourage people from dealing with Plaintiffs.

39.40. On information and belief, Defendants have conspired together in an attempt to damage Plaintiffs' reputations and damage Michael Hubbs.

40.41. For example, Defendant Brian Hertneky has repeatedly called Hubbs a con artist and encouraged people to report Hubbs to government authorities.

6



41.42.  On information and belief, the remaining Ddefendants have repeated similar statements made by Lachase.

43.  For example, Defendant Duhon has repeatedly stated that Hubbs is dangerous.

42.44.  Defendant Hertneky runs a Facebook page called Lighteye wherein Hertneky provides commentary on stocks and cryptocurrency.

43.45.  Hertneky is thus a competitor of TWT.

44.46.  Hertneky states on his FACEBOOK page that "Michael Hubbs is a con artist" and posts contend derogatory of Hubbs.

45.47.  On information and belief, Hertneky has attacked Hubbs in order to increase viewership and attract people to his FACEBOOK group Deaf Stocks & Cryptos.

46.48.  The false statements made by Defendants were made maliciously and with complete disregard for the rights of TWT and Hubbs.

7

## COUNT I

### (COPYRIGHT INFRINGEMENT /CONTRIBUTORY INFRINGEMENT

### – 17 U.S.C. §§ 101 et seq.)

### (All Defendants)

47.49.   Plaintiffs incorporate the allegations of paragraphs 1-46 and further allege:

48.50.   Hubbs is the owner of U.S. Copyright Reg. No. TX 9-240-449 ("the '449 Registration"). A copy of the registration") and PA0002416465 ("the '465 Registration"). Identifying information for the registrations is attached hereto as Exhibit A and Exhibit B, respectively.

4951.   Hubbs has notified the public that his materials are protected by copyright and has not authorized any of the Defendants to distribute copies of his materials.

5052.   Despite being aware of Hubbs' copyright claims, Defendants Lachase, Hertneky and Duhon have made unauthorized copies of Hubb's copyrighted material and distributed those copies on the internet.

5153.   Defendant Lachase had access to and made copies of all 21 videos of TWT content and provided the videos to multiple people including Defendant Hertneky.

54.   Defendant Hertneky had access to and made copies of all 21 of the videos by uploading them YouTube to make them accessible to the public.

55.   Based on the actions of Lachase, Hertneky and Duhon, TWT's content was viewed dozens of times without compensation to Plaintiffs.

56.   Defendant Duhon made copies of all of the videos and offered to provide them to multiple people. On information and belief, Duhon provided copies of the videos to others via

8

Dropbox.

57. On information and belief, Defendant Rush encouraged others to make copies of TWT's videos being offered by the other Defendants, thereby engaging in contributory copyright infringement.

58. The intent of Defendants when infringing Hubb's copyrights was to financially harm Hubbs in Utah and to destroy Hubbs financially.

~~52~~59. The actions of Defendants cannot be deemed a fair use as Defendants copied all of the content Hubbs was selling through TWT and made it free to the public.

~~53~~60. On information and belief, at least 19 people have viewed Hubbs' copyrighted content on the internet free of charge, thereby costing Hubbs and TWT in excess of 200,000.00.

**COUNT II**

**(DEFAMATION/LIBEL AND SLANDER / DEFAMATION PER SE)**

**(All Defendants)**

~~54.~~ 61. Plaintiffs incorporate the allegations of paragraphs 1-43 and further allege:

62. Each of the Defendants has published the false statements in print as to Plaintiffs, which statements were not subject to privilege, and which were at least negligently made, thereby causing injury to Plaintiffs due to lost sales in Plaintiffs' products and other damages.

~~55.~~ 63. Defendants Lachase and Hertneky have made false statements of fact against TWT and Hubbs, including, but not limited to, that TWT is a scam and that Hubbs is a scammer and engaged in fraud.

9

~~56.~~ 64. Defendants Lachase, Hertneky and Duhon have also accused Hubbs, or republished the statements of others accusing Hubbs of being a con artist.

65. Defendant Duhon has repeatedly asserted that Plaintiff Hubbs is dangerous and served as a moderator for Defendant Hertneky's social media accounts, thereby assisting in the republication of false and defamatory statements against Plaintiffs.

66. Defendant Rush made false and misleading statements about Plaintiffs, including statements that Plaintiffs are a scam. Moreover, Defendant Rush repeatedly misrepresented TWT's content, falsely claiming that it only teaches paper trading.

~~57.~~ 67. Defendants' statements were published on social media, including FACEBOOK.

~~58.~~ 68. The statements made by Defendants were false.

~~59.~~ 69. The statements made by Defendants were made with the intent to damage the reputation of TWT

and Hubbs, and specifically targeted to destroy ~~Hubbs's~~Hubb's reputation.

~~60~~70. The statements about Hubbs and TWT ~~are~~were targeted to cause damage to Plaintiffs in Utah.

~~61.~~ 71. The statements about TWT and Hubbs have caused TWT to lose sales and have damaged the reputation of Hubbs.

~~62.~~ 72. The statements were not privileged and constitute libel per se, slander per se and defamation per se.

~~63.~~         ~~The~~ 73.    Each of the Defendants other than ~~Lachance~~Lachase have repeated ~~the~~ false and defamatory

10

statements made by ~~Lachance~~Lachase in an effort to help ~~Lachance~~Lachase destroy the reputation of Hubbs.

~~64.~~ 74. On information and belief, the actions of the Defendants have cost Hubbs in excess of $200,000 due to lost sales and injury to Hubbs' business.

~~65.~~ 75. Defendants' actions have been malicious and TWT and Hubbs are entitled to punitive damages, therefore.

~~66~~76. Moreover, Plaintiffs' lack an adequate remedy at law and the damage to their reputations will be irreparably harmed unless Defendants are enjoined against further libel and slander against Plaintiffs.

~~67.~~ 77. Wherefore, TWT and Hubbs assert a claim for defamation, libel and slander.

**COUNT III**

**TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**

**(BY TWT AGAINST ALL DEFENDANTS)**

~~68.~~ 78. Plaintiff TWT incorporates the allegations of paragraphs 1-~~67~~77 and further allege:

~~69.~~ -79. Plaintiff TWT sells a training course in on-line trading called The Wizard

11

Trades.

~~70.~~ 80. TWT makes its income by selling subscriptions to its training materials.

~~71.~~ 81. TWT's subscription service is particularly focused on the deaf community as the

teaching materials are presented in American Sign Language.

~~72.~~ 82. TWT has prospective economic relationships with those in the deaf community

who are looking to learn more about on-line trading.

~~73.~~ 83. Defendants were aware of TWT's on-line training and made false and disparaging

comments about the training and TWT and Hubbs in an effort to cause people not to purchase

TWT's product and to destroy the reputation of Hubbs. For example, Lachase, Hertneky, Duhon

and Rush made statements or republished statements indicating that Hubbs and TWT's content

were scams.

84. Defendants Hertneky and Rush misrepresented TWT's content, such as by falsely

representing that Hubbs and TWT only teach paper trading and do not teach how to trade

cryptocurrencies.

~~74.~~ 85. Defendants interfered with the prospective economic relationship between TWT

and its potential customers for the sole purpose of harming TWT and Hubbs.

~~75.~~ 86. Defendants, including Lachase, Hertneky Duhon and Rush used improper

means to interfere with TWT's potential economic

12

relations, including misrepresenting TWT's content and false claims that TWT was promoting a scam or a fraud and that the owner of TWT was a con artist.

87. The conduct of Lachase, Hertneky, Duhon and Rush have damaged Plaintiffs in an amount believed to be in excess of $200,000.

**(COUNT IV)**

**(FALSE ADVERTISING – 15 U.S.C. § 1125(a))**

**(TWT AGAINST DEFENDANT HERTNEKY)**

~~76.~~ 88. Plaintiffs incorporates the allegations of paragraphs 1-~~75~~87 and further alleges:

~~77.~~ 89. TWT and Defendant Hertneky are competitors in that both provide information about trading stocks and cryptocurrency on-line.

~~78.~~ 90. In an effort to mislead the public and increase traffic to Hertneky's on-line pages, Hertneky has made false and misleading statements about TWT's course materials, including that the course is a scam and that the owner of TWT is a con artist.

~~79.~~ 91. Hertneky's comments are a false or misleading statement of fact and have been shared hundreds of times.

~~80.~~ 92. Hertneky's comments were made in a commercial advertisement or promotion.

13

~~81.~~ 93.    Hertneky's comments have deceived or are likely to deceive consumers in a material way.

~~82.~~ 94.    Hertneky's comments were made in interstate commerce.

~~83.~~ 95.    Hertneky's comments have caused and are likely to cause competitive or commercial injury to TWT.

~~84.~~ 96.    All of the actions alleged herein where specifically targeted at Hubbs and TWT in Utah and have sought to damage Hubbs and TWT in Utah.

**PRAYER FOR RELIEF**

In view of the foregoing, H&H asks this Court to grant relief as follows:

1.    For Judgment that Defendants engaged in Copyright infringement or inducement copyright infringement and for an award of all damages and profits recoverable thereunder in an amount to be proven at trial.

2.    For injunctive relief to prevent Defendants from committing further acts of copyright infringement.

3.    For Judgment that Defendants engaged defamation, liable and slander, as well as Defamation per se and for an award of all remedies available therefor, including, but not limited to:

   a.    An award of TWT and Hubbs' damages in an amount to be determined at trial.

   b.    An award of punitive damages for Defendants' malicious conduct.

14

      c.      An award of TWT and Hubbs' costs.

      d.      An award of injunctive relief barring Defendants from further acts of <ins>defamation,</ins> libel and slander.

      e.      An order requiring Defendants to remove all defamatory statements about TWT and/or Hubbs.

4.      For judgment that Defendants have engaged in tortious interference with <ins>prospective</ins> economic relations and for an award of all remedies available therefore, including, but not limited to:

      a.      An award of TWT and Hubbs' damages in an amount to be determined at trial.

      b.      An award of TWT and Hubbs' costs.

      c.      An award of injunctive relief barring Defendants from further acts of tortious interference.

      d.      An order requiring Defendants to remove all false statements about TWT and/or Hubbs.

5.      For judgment that Defendant Hertneky engaged in False Advertising and for an award of all remedies available therefore, including, but not limited to:

      a.      An award of Defendants' profits;

      b.      An award of TWT's damages in an amount to be determined at trial;

      c.      An award for TWT's costs; and

      d.      An award of injunctive relief.

6.      For such other award as the Court considers just.

**JURY DEMAND**

TWT and Hubbs seek a trial by jury of all issues so triable.

                BATEMAN IP

                /s/ Randall B. Bateman
                Randall B. Bateman

                *Attorneys for Plaintiffs The Wizard Trades, LLC*
                *and Michael Hubbs*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing ~~FIRST~~SECOND AMENDED COMPLAINT AND JURY

**DEMAND** was served on Defendants via First Class mail on ~~April 13, 2023 as~~_____ as follows:

Steven Duhon
(at the address of service identified in the executed Summons)

Charlton Lachase
Via cm/ecf

Brian Hertneky
~~(at the address of service identified in the executed Summons)~~

Via cm/ecf

Andra Rush
Via cm/ecf

/s/Randall B. Bateman

17