# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

FILED
2023 AUG 31
CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| **The Wizard Trades, et al** | ) |
| vs. | ) Civil Action No.  2:23-cv-00207-DBB-DAO |
| **Lachase, et al**,. | ) |
| _____ | ) |

### ANDRA RUSH'S REPLY IN SUPPORT
### OF HER MOTION TO DISMISS

COMES NOW Defendant Andra Rush, appearing *pro se*, hereby respectfully requests this Court to reject the Plaintiffs' Memorandum in Opposition[1] to Defendant Andra Rush's Motion to Dismiss[2]. Rather, this Court shall grant Rush's Motion, as demonstrated by the following arguments and authorities.

### PLAINTIFFS' FAILURE TO ADEQUATELY
### EXPLAIN THE DEFICIENCIES

The Plaintiffs' Memo fails to adequately address the deficiencies in their First Amended Complaint, as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Plaintiffs continue their attempt to rely on collective references to the use of "defendants" in their claims against Andra Rush[3]. However, this approach does not meet the requirements of Rule 8, which demands "sufficient notice as to the nature or basis of the claims the Plaintiffs are attempting to assert against her."[4]

---

[1] Docket No. 49 (herein "Plaintiffs' Memo")
[2] Docket No. 42 (herein "Rush's Motion")
[3] Plaintiffs' Memo at 2-3
[4] Rush's Motion at 8

This Court has consistently held that "such collective pleading is improper and does not meet the requirements of Rule 8."[5] The Plaintiffs' failure to make specific factual allegations against Andra Rush in their First Amended Complaint renders it insufficient, thereby depriving her of the opportunity to mount an adequate defense. Furthermore, it is important to note that Andra Rush, as a social influencer within the Deaf community, has engaged in numerous and extensive discussions on various topics[6], including those involving the Plaintiffs, all while enjoying the protections of the First Amendment. With the Plaintiffs' Memo, the Plaintiffs have not identified in their first amended complaint a single factual statement or act by Andra Rush that would constitute a violation of any alleged laws when discussing Michael Hubbs, and that would not be protected by the First Amendment. It is evident that the allegations made against Andra Rush by the Plaintiffs are conclusory and lack the necessary factual underpinnings to raise them above mere speculation[7]. Furthermore, it is important to highlight that the Plaintiffs, by not properly following the Federal Rules of Civil Procedure, are wasting the court's time and resources.

Notably, the Plaintiffs have also filed a motion[8] for leave to file their second amended complaint, effectively admitting that Andra Rush was correct in pointing

---

[5] *Silver v. Fairbank*, 2:22-cv-00140, 4 (D. Utah Jul. 8, 2022)
[6] Rush's Motion at 4-5
[7] *Cowboys for Trump, Inc. v. Oliver*, No. 21-2015, 7 (10th Cir. Feb. 15, 2022) ("To survive [motions to dismiss], a complaint's well-pleaded factual allegations, accepted as true, must state a facially plausible claim to relief." (citing *Burnett v. Mortg. Elec. Reg. Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013))
[8] Docket No. 52

out the defects in their first amended complaint. However, upon review, the new amendments made by the Plaintiffs are insufficient to abide by the requirements outlined in Rule 8, further prolonging the litigation and leading to additional dismissal attempts.

Andra Rush will submit an opposition to the Plaintiffs' motion for leave to file their second amended complaint. The Plaintiffs' proposed amendments are deemed futile and would unjustly prejudice Andra Rush.

## PLAINTIFFS' UNFOUNDED ASSERTIONS REGARDING REPUBLISHING NEGATIVE STATEMENTS

The Plaintiffs are unjustly asking this Court to disregard the significant discussions and conversations that have taken place in relation to Michael Hubbs over the past ten years. Andra Rush exercised her right to free speech under the First Amendment by expressing her opinion about Michael Hubbs and his business in the same manner as anyone else. Despite this, the Plaintiffs have vaguely accused her of "*republishing* negative statements about Hubbs"[9] without any consideration for the potential application of First Amendment protections to her discussion.

Furthermore, the Plaintiffs' failure to provide allegations about the specific statements or actions taken by Andra Rush against them, without factual support, renders it impossible for her to properly defend herself against such vague and

---

[9] Plaintiffs' Memo at 2 (emphasis added)

indiscriminate allegations. Without clarity and specificity, Andra Rush is left to conjecture, and such a shotgun pleading is untenable.

## CONCLUSION

Based on the foregoing reasons and arguments, Defendant Andra Rush respectfully requests this Court to grant her Motion to Dismiss and dismiss Andra Rush with prejudice.

---

| | |
|---|---|
| Respectfully submitted this 31th of August | /s/AndraRush<br>PLAINTIFF, *pro se*<br>mrsandrarush@gmail.com<br>34 Carlitos Way,<br>St. Augustine, FL 32092 |

## CERTIFICATE OF SERVICE

I hereby certify that on this 31th of August 2023, a true and correct copy of the above and foregoing document has been sent via email as an attached file in the form of a PDF to the clerk of the U.S. District Court for the District of Utah and to each of the following, except Steven Duhon whose mail was postmarked to:

| | | |
|---|---|---|
| Randall B. Bateman<br>BATEMAN IP<br>PO BOX 1319<br>Salt Lake City, UT 84110<br>rbb@batemanip.com | Charlton Lachase<br>7006 Citrus Park Blvd<br>Fort Pierce, FL 34951<br>chelachance2700@gmail.com | Steven Duhon<br>3801 W Spring Creek Pkwy<br>Plano, TX 75023 |
| Brian Hertneky<br>108 Chlemsford Dr.<br>Aurora, OH 44202<br>hertneky30@gmail.com | | **/s/AndraRush**<br>Defendant, *pro se* |