# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

FILED
2023 AUG 31
CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| **The Wizard Trades, et al** | ) | |
| vs. | ) | Civil Action No. _2:23-cv-00207-DBB-DAO_ |
| **Lachase, et al**,. | ) | |
| _____ | ) | |

## ANDRA RUSH'S IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

COMES NOW Defendant Andra Rush, appearing *pro se*, hereby respectfully requests this Court to deny the Plaintiffs' motion for Leave to File Second Amended Complaint[1]. Andra Rush opposes this motion on the grounds that the proposed second amended complaint lacks legal standing and fails to establish a prima facie case against Andra Rush. The Plaintiffs are seeking to correct alleged deficiencies in their first amended complaint by providing more specific allegations, but Andra Rush shows below that the proposed amendments are futile, as they fail to include any *factual* allegations demonstrating specific unlawful conduct on Andra Rush's part that is not protected by the First Amendment.

## BACKGROUND

Andra Rush is acting as a *pro se* litigant and relies on legal assistance to confront what is believed to be unnecessary intimidation, bullying, and harassment through this baseless lawsuit. Granting the Plaintiffs' Motion would cause undue prejudice to Andra Rush and perpetuate a campaign of intimidation and harassment.

---

[1] Docket No. 50 (herein "Plaintiffs' Motion")

## SUMMARY

The Plaintiffs seek leave from this Court to amend the first amended complaint under Rule 15 of the Federal Rules of Civil Procedure. While it is generally accepted that leave to amend should be granted when justice so requires, Andra Rush contends that the proposed amendments would prejudice Andra Rush and fail to rectify the deficiencies in the Plaintiffs' claims.

The Plaintiffs have the burden of proving the following elements to establish for the purposes of Article III standing: (1) a concrete injury in fact that is particular to the plaintiffs and is an actual or imminent invasion of a legally protected interest, not based on conjecture or speculation; (2) a causal connection between the injury and the defendant's conduct, showing that the defendant's actions are responsible for the alleged harm; and (3) a likelihood, rather than a mere possibility, that a favorable decision on the merits will provide redress for the plaintiffs' injury[2]. Nonetheless, in this case, the Plaintiffs' alleged injuries fail to support legal standing because they have not provided facts that demonstrate both the reputational or business "injuries" as concrete injuries to legally protected interests, nor have they factually established that such injuries can be traced back to Andra Rush.

Additionally, it appears that the Plaintiffs are attempting to address their previous failure to comply with Rule 8 of the Federal Rules of Civil Procedure[3] with

---

[2] *Kilgore v. Easterseals-Goodwill N. Rocky Mountain, Inc.*, 2:22CV728 DAK-CMR, 5 (D. Utah Jul. 18, 2023) (citing *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547, (2016))

[3] Under PLAINTIFFS ARE SEEKING LEAVE TO FILE A SECOND AMENDED COMPLAINT in Memorandum in Opposition at 3 (Docket No. 49)

these proposed amendments. The Plaintiffs have not provided any adequate explanation for the delay or newly discovered information, and consequently, they fail to demonstrate any good cause for the granting of their motion for leave to file the second amended complaint.

## FUTILITY OF THE PROPOSED AMENDMENTS

Andra Rush believes that the proposed amendments are futile for the following reasons:

### Untimeliness

Rule 15 of the Federal Rules of Civil Procedure allows a party to file an amended pleading as a matter of course within 21 days after service of a responsive pleading. However, leave to amend may be denied based on factors such as undue delay, undue prejudice, bad faith, or the futility of amendment[4]. This Court has provided a way to assess timeliness under Rule 15(a)(2) by focusing on three primary factors[5].

The Plaintiffs' Motion, filed three months after the original complaint and after three Defendants filed dismissal motions, is deemed untimely, as it was filed 41 days after Andra Rush filed her motion to dismiss. Furthermore, this Court had previously appointed counsel to represent the fourth Defendant with the sole purpose of

---

[4] *Allegiance Leasing, LLC v. Tex. Helijet, LLC*, Case No. 1:15-CV-106 TS, at 3-4 (D. Utah Mar. 29, 2016)

[5] *Doe v. Ogden City Sch. Dist.*, 1:20-cv-00048, 23-24 (D. Utah Jan. 4, 2023) ("First, the court must examine the length of delay-the longer delay, the more likely the motion to amend should be denied. Second, the court must evaluate the reasons for the delay and deny leave to amend when the moving party has not offered an adequate explanation for their neglect. [Third], a motion for leave to amend should be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based and fails to include them in the original filing.")

contesting with a motion to dismiss or file an answer[6]. This aforementioned counsel subsequently filed the dismissal motion[7] on behalf of the fourth Defendant after the filing of Plaintiffs' Motion. The Plaintiffs' motions[8] for Request to Submit for Decision express their intention to expedite the resolution of the matter. Thus, those dismissal motions are deemed nearly ripe and ready for resolution.

By admitting that Plaintiffs' Motion is merely to correct a previous failure to comply with Rule 8, the Plaintiffs demonstrate a lack of diligence in relation to the asserted claims against Andra Rush. The Plaintiffs had known of the facts upon which the proposed amendment is based and had failed to include them in the first amended complaint. Additionally, Rule 15 does not permit amending to create a moving target to avoid dismissal[9].

### A New Claim of Contributory Infringement

The Plaintiffs added a new claim of Contributory Infringement solely against Andra Rush. However, the Plaintiffs failed to demonstrate that any new facts or evidence justified the addition of this claim. Even if the allegations put forth by the Plaintiffs were taken as true, they lack the required factual specificity to establish a prima facie case against Andra Rush[10]. To establish contributory liability, it must first

---

[6] Order granting Motion to Appoint Counsel (Docket No. 20)
[7] Motion to Dismiss (Docket No. 55)
[8] Request to Submit for Decision (Docket No. 38); Request to Submit for Decision (Docket No. 39)
[9] *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("Courts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint a moving target[.]") (citing *Viernow v. Euripides Development Corp.*, 157 F.3d 785, 800 (10th Cir. 1998)) (internal quotation marks omitted)
[10] *Cowboys for Trump, Inc. v. Oliver*, No. 21-2015, 7 (10th Cir. Feb. 15, 2022) ("To survive [motions to dismiss], a complaint's well-pleaded factual allegations, accepted as true, must state a facially plausible claim to relief." (citing *Burnett v. Mortg. Elec. Reg. Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013))

be shown that one of the co-Defendants violated copyright infringement laws[11]. "[C]ontributory liability attaches when the defendant causes or materially contributes to another's infringing activities and knows of the infringement [and o]ne way of establishing contributory liability is by showing a defendant *authorized* the infringing use."[12]

The Plaintiffs do not factually allege how Andra Rush had caused or materially contributed to the alleged infringing activities. In addition, "encouraging"[13], as if it is true, is not the same as authorizing the infringement. Furthermore, the Plaintiffs do not factually allege any ongoing relationship between Andra Rush and any other defendants[14].

## Insufficient Basis for Claims of Defamation

The current allegations fail to sufficiently identify any specific statements made by Andra Rush. As well, there is a lack of recitation concerning the content of any such statement, the absence of specific details regarding the location or individuals to whom the statements were addressed, and an omission of any timeframe within which the alleged statements were made. Due to these deficiencies in providing the necessary particulars regarding Andra Rush's statements including the identification

---

[11] *Diversey v. Schmidly*, 738 F.3d 1196, 1204 (10th Cir. 2013). ("However, a defendant can also be secondarily liable for another's copyright infringement under principles of vicarious and contributory liability.")

[12] *Id.* (emphasis added)

[13] #57 in Plaintiffs' proposed second amended complaint (Docket No. 50-1)

[14] *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 437 (1984) (Contributory infringement has been applied in cases "involving an ongoing relationship between the direct infringer and the contributory infringer at the time the infringing conduct occurred.")

of the content, location, targeted recipients, and temporal context, the allegations in question lack sufficient factual content.

Andra Rush maintains that she has been a social influencer for the Deaf community[15] and asserts that the absence of specific factual allegations against her makes it extremely difficult to identify the parts of her statements that supposedly violate a law.

Additionally, the allegations (e.g., paragraphs #66, #83, and #84 in Plaintiffs' Motion) put forth by the Plaintiffs lack factual content and are, hence, speculative and conclusive in nature. Even if taken as true, such claims do not provide a plausible basis for relief governed by the legal standards for defamation, libel, or slander. The vague alleged misrepresentations mentioned in the cited paragraphs, concerning Andra Rush, do not contain fact-based statements that can be differentiated from constitutionally protected expressions of opinion under the First Amendment of the United States Constitution.

## CONCLUSION

The Plaintiffs' proposed second amended complaint consists of conclusory allegations rather than well-pleaded factual allegations, violating the spirit of Rule 8(a)(2). The Plaintiffs' vexatious and frivolous litigation tactics constitute an improper use of this Court's time and resources. Therefore, the Plaintiffs should be held to

---

[15] Andra Rush's Motion to Dismiss at 4 (Docket No. 42)

stringent standards. Allowing such claims would perpetuate a campaign of intimidation and harassment without demonstrating good cause.

Accordingly, the Plaintiffs' proposed second amended complaint lacks legal standing and is considered futile, as it fails to plead sufficient factual content to substantiate a plausible claim for relief against Andra Rush. Based on the reasons and arguments provided, Defendant Andra Rush respectfully requests this Court to deny the Plaintiffs' Motion for Leave to File Second Amended Complaint.

------------------------------------------------------------

Respectfully submitted this 31th of August

/s/AndraRush
PLAINTIFF, *pro se*
mrsandrarush@gmail.com
34 Carlitos Way,
St. Augustine, FL 32092

## CERTIFICATE OF SERVICE

I hereby certify that on this 31th of August 2023, a true and correct copy of the above and foregoing document has been sent via email as an attached file in the form of a PDF to the clerk of the U.S. District Court for the District of Utah and to each of the following, except Steven Duhon whose mail was postmarked to:

Randall B. Bateman
BATEMAN IP
PO BOX 1319
Salt Lake City, UT 84110
rbb@batemanip.com

Charlton Lachase
7006 Citrus Park Blvd
Fort Pierce, FL 34951
chelachance2700@gmail.com

Steven Duhon
3801 W Spring Creek Pkwy
Plano, TX 75023

Brian Hertneky
108 Chlemsford Dr.
Aurora, OH 44202
hertneky30@gmail.com

**/s/AndraRush**
Defendant, *pro se*