Randall B. Bateman (USB 6482)
BATEMAN IP
299 South Main Street, Suite1300
Salt Lake City, UT 84111
Tel: (801) 533-0320
Email: rbb@batemanip.com; mail@batemanip.com

*Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| THE WIZARD TRADES, LLC, a Utah Limited Liability Company, and MICHAEL HUBBS, an individual,<br><br>               Plaintiff,<br>     vs.<br><br>CHARLTON LACHASE, an individual, ANDRA RUSH, an individual, STEVEN DUHON, an individual, and BRIAN HERTNEKY, and individual,<br>.<br>               Defendants. | **REPLY RE PLAINTIFFS' MOTION FOR LEAVE TO AMEND**<br><br>Case No. 2:23-cv-00207-DBB-DAO<br><br>Judge David Barlow<br><br>Magistrate Judge Daphne A. Oberg |

  Plaintiffs, The Wizard Trades, LLC, and Michael Hubbs, hereby reply to Defendant Rush' Opposition to their Motion for Leave to Amend.

## BACKGROUND

  On March 30, 2023, Plaintiff filed a complaint against Charlton Lachase, Andra Rush, Steven Duhon and Brian Hertneky for Libel and Slander, tortious interference, and against Defendant Hertneky for false advertising. On April 13, 2023, a First Amended Complaint adding a claim for copyright infringement was filed, as Plaintiff's copyright registration had issued, thereby providing the Court with jurisdiction for a copyright claim.

Defendant Andra Rush was served with the First Amended Complaint and filed a motion to dismiss, relying on the Court's opinion in *Silver v. Fairbank*, 2:22-cv-0140 (July 8, 2022) for the proposition that when multiple defendants are involved, the allegations must include detail to put the defendants on notice about which defendants is alleged to have done what and what the misconduct was.

The First Amended Complaint identified that "[e]ach of the defendants has posted false and defamatory statements about Plaintiffs in an effort to discourage people from dealing with the Plaintiffs." (FAC 38). The Complaint further indicated that Defendant Lachase made certain false and defamatory statements and that "the remaining Defendants have repeated similar statement made by Lachase." Plaintiff believes that an ordinary person would appreciate that a statement that "each of the defendants" has committed an act to be the equivalent to stating that Defendant Lachase committed the act, Defendant Rush committed the act, Defendant Duhon committed the act and Defendant Hertneky committed the act. Likewise, a statement that Defendant Laches committed an act, and the remaining Defendants also committed the act is the same as stating that Defendant Lachase committed the act, Defendant Rush committed the act. Defendant Duhon committed the act and Defendant Hertneky committed the act.

Because there is ample evidence that Charlton Lachase, Andra Rush, Steven Duhon and Brian Hertneky engaged in the tortious conduct described, and to avoid further waste of time on motion work, Plaintiff filed for leave to file a Second Amended Complaint identifying specific conduct by name for to each of the Defendants.

Defendant Rush now argues that the Second Amended Complaint is inadequate and does not take into account her status as a "social influencer." Ms. Rush, however, fails to provide any

Case 2:23-cv-00207-DBB-DAO   Document 59   Filed 09/05/23   PageID.349   Page 3 of 8

legal support for the proposition that social influencers are exempt from claims for defamation, copyright infringement or tortious interference.

## ARGUMENT

### I. THE MOTION FOR LEAVE TO AMEND IS TIMELY

Pursuant to Rule 15, a court's decision whether to grant leave for amendment "shall be freely given when justice so requires." *Panis v. Mission Hills Bank,* 60 F.3d 1486, 1494 (10th Cir. 1995) (citing *Woolsey v. Marion Labs. Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991)); See also, Fed. R. Civ. P. 15(a). Relevant factors that a court may consider in determining whether or not to allow an amendment include: timeliness, prejudice to the other party, bad faith and futility of the amendment. *Hom v. Squire, 81 F.3d 969, 973* (10th Cir. 1996).

Defendant Rush attempts to argue that Plaintiff's motion is untimely because it was not filed within 21 days of the original complaint. If the Second Amended Complaint had been so speedily filed, there would have been no need for leave to amend. However, none of the Defendants has even filed an answer. Brian Hertneky filed a one paragraph motion to dismiss essentially admitting that he was trying to prevent people from doing business with Plaintiffs and that YouTube informed him that his actions constituted copyright infringement. Defendant Duhon filed a three-sentence motion to dismiss asserting that he had not done anything illegally. Defendant Lachase, after the filing of Plaintiffs' present motion, filed a motion to dismiss as to personal jurisdiction claiming that he did not know that Plaintiffs were from Utah, even though Mr. Lachase paid for Mr. Hubbs to fly from his home in Utah to Florida give a presentation to some of Mr. Lachase's associates in July of 2022.

3

Plaintiff's motion for leave to amend is timely and there is no prejudice to the parties if the motion for leave is granted. To the contrary, if any of the Defendants is unclear what was meant by the allegations that "each of the Defendants" engaged in various conduct set forth in the First Amended Complaint, the Second Amended Complaint will clarify the issue and make it clear to each of the Defendants includes Defendants Lachase, Rush, Duhon and Hertneky and specific conduct which they committed.

Contrary to Ms. Rush's assertion, Plaintiffs did not admit that the First Amended Complaint was inadequate. Plaintiff continues to maintain each claim in the First Amended Complaint complies with Rule 8. Plaintiff had merely hoped to resolve the dispute so that the case can move forward to the merits of the litigation by proposing an amended complaint which clarified that allegations against "each of the defendants" meant Defendant Lachase, Defendant Rush, Defendant Duhon and Defendant Hertneky and provide additional factual allegations so none of the defendants can claim that they are unaware of the scope of the allegations against them. Mr. Rush, in contrast, appears to be set on filing as many motions as possible to further delay addressing the merits.

## II.   PLAINTIFF HAS STANDING

Defendant Rush asserts that the Second Amended Complaint fails to comply with Article III standing because Plaintiff is required to prove (1) a concrete injury in fact that is particular to the plaintiffs and is an actual or imminent invention of legally protected interest, (2) a causal connection between the injury and the defendant conduct, and (3) likelihood that a favorable decision on the merits will provide redress for the plaintiff's injury. (Opposition, page 2, citing *Kilgore v. Easterseal-Goodwin N. Rocky Mountain, Inc.*, 2:22-cv-728 DAK-CMR 5 (D. Utah

4

Jul. 18, 2023). Rush's analysis of standing, however, is limited to a single sentence stating that Plaintiff's alleged injuries fail to support legal standing because they have not provided facts that demonstrate both reputation or business "injuries" as concrete injuries, nor factually established that such injuries can be traced back to Andra Rush. (Opposition page 2). Ms. Rush's argument is not well taken.

In determining whether something amounts to a concrete injury the Courts look to the alleged impact on the Plaintiff. The Supreme Court recently explained in *Transunion v. Ramirez,* tangible harms, including monetary harms or physical injury are among those that "readily qualify as concrete injuries under Article III. 141 S. CT. 2190, 2204 (2022), Intangible harms, such as reputational harms, disclosure of private information, and intrusion upon inclusion, may also be concrete if the alleged harm has a "close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts." *Id.* This requires the plaintiff to identify "a close historical or common-law analogue for the[ ] asserted injury." *Id.* The injury need not be "an exact duplicate" of the common-law harm. Id. at 2209.

In *Transunion*, the Court found that there was a concrete injury because the plaintiffs suffered a harm with a "close relationship" to the harm associated with the tort of defamation. *Id.* at 2198. In the present case, Plaintiffs are asserting libel/slander/defamation – well-established common-law actions - as well as contributory copyright infringement and tortious interference - against Ms. Rush. The complaint asserts special damages in excess of $200,000 and further alleges the right to punitive damages for, among other things, Ms. Rush's defamatory statements and seeks injunctive relief against future defamation by the Defendants. (Dkt. 50-1 paragraphs 65-77).

Moreover, Plaintiffs assert that Defendants conduct is defamatory per se. "Libel is classified per se if it contains defamatory words specifically directed at the person claiming injury, which words must, on their face, and without the aid of intrinsic proof, be unmistakably recognized as injurious." *Seegmiller v. KSL,* 626 P.2d 968, 977 n. 7 (Utah 1981) (internal quotation marks and citation omitted). The courts have defined four categories of defamation per se. "Traditionally, statements that are defamation per se have been required to be false and 'allege criminal conduct on the part of the plaintiff or impute the contracting of some loathsome disease, unchaste behavior (on the part of a woman) or conduct which is incongruous with the exercise of a lawful business, trade, profession, or office.'" *Jacob v. Bezzant,* 2009 UT 37, 212 P.3d 535, 545 (Utah 2009) (emphasis added). Mr. Rush accused Plaintiffs of running scams. Plaintiffs have set forth a concrete and particularized harm caused by Ms. Rush and the other Defendants making false and defamatory statements about the Plaintiffs. Thus, Plaintiffs have standing on the defamation claims.

Plaintiffs likewise have standing on the copyright infringement claims. Three of the Defendants, Lachase, Duhon and Hertneky made unauthorized copies of the Plaintiffs' materials and made them available to people over social media. While Plaintiffs do not have evidence yet that Ms. Rush made copies, "[t]o state a claim of contributory copyright infringement, a plaintiff must allege that the defendant 'with knowledge of the infringing activity' induced, caused, or materially contributed to the infringing conduct of another." *Viesti Assocs. Inc. v. Pearson Educ., Inc.,* No. 12-cv-02240-PCB-DW, 2013 U.S. Dist. LEXIS 113323, 2013 WL 4052024 at * 7 (D. Colo. Aug. 12, 2013). Paragraph 57 of the Second Amended complaint alleges that "Defendant Rush encouraged others to make copies of TWT's videos being offered by the other Defendants,

thereby engaging in contributory copyright infringement." Ms. Rush had knowledge of the infringing conduct of Defendants Lachase, Duhon and Hertneky and Ms. Rush induced others to engage in copyright infringement by copying the materials improperly copied by the other Defendants. The allegations comply with Rule 8 and provide a short and plain statement that, if true, demonstrates that Plaintiffs are entitled to relief.

Ms. Rush fails to identify the alleged insufficiency of the tortious interference claim. The Second Amended Complaint identifies that Ms. Rush falsely published claims that Mr. Hubbs and TWT were scams. Ms. Rush also misrepresented the content of the videos produced by TWT. The Defendants' stated goal was specifically to harm Mr. Hubbs and TWT. The fact that Ms. Rush is a "social influencer" does not exempt her from liability for making false and defamatory statements about Mr. Hubbs, TWT or their products.

When taken as true, the well pleaded facts in the Second Amended Complaint demonstrate that the Plaintiffs have standing and that they have alleged the elements of the asserted causes of action. Therefore, Plaintiff requests the Court grant it leave to file the second Amended Complaint. If the Court requires Plaintiffs to allege each and every fact as to each and every defendant separately, leave is requested to do so.

Respectfully submitted this 5th day of September 2023.

                BATEMAN IP

                /s/ Randall B. Bateman
                Randall B. Bateman

                *Attorneys for Plaintiffs The Wizard Trades, LLC and Michael Hubbs*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing **Reply re Plaintiffs' Motion for Leave to Amend** was served on Defendants via on September 5, 20233, as follows:

Steven Duhon                                            - Via First Class Mail
3801 W. Spring Creek Parkway
Plano, TX 75023

Brian Hertneky – via CM/ECF

Charlton Lachase  - via CM/ECF

Andra Rush – via CM/ECF

　　　　　　　　　　　　　　　　　　　　　　　　/s/Randall B. Bateman