UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| THE WIZARD TRADES, LLC; and MICHAEL HUBBS, <br><br> Plaintiffs, <br><br> v. <br><br> CHARLTON LACHASE; ANDRA RUSH; STEVEN DUHON; and BRIAN HERTNEKY, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO AMEND (DOC. NO. 50)** <br><br> Case No. 2:23-cv-00207 <br><br> District Judge David Barlow <br><br> Magistrate Judge Daphne A. Oberg |

Plaintiffs filed this action on March 30, 2023 against Charlton Lachase, Andra Rush, Steven Duhon, and Brian Hertneky, asserting libel, slander, tortious interference, and false advertising claims.[1]  On April 13, 2023, Plaintiffs filed a First Amended Complaint adding a claim for copyright infringement.[2]  After being served with the First Amended Complaint, Defendant Andra Rush filed a motion to dismiss on the grounds that Plaintiffs did not allege with specificity which conduct they attributed to Ms. Rush.[3]

Plaintiffs now seek leave to file a second amended complaint in order to allege Defendants' actions more specifically and to add a new contributory infringement claim against

---

[1] (Compl., Doc. No. 2.)

[2] (Am. Compl., Doc. No. 8.)

[3] (*See* Mot. to Dismiss 2–3, Doc. No. 42.)

Ms. Rush.[4]  Ms. Rush opposes the motion to amend, arguing the proposed amendment would cause prejudice to her and is untimely and futile.[5]  Because Ms. Rush's prejudice and timeliness arguments fail, and her futility arguments are more appropriately addressed in the context of a motion to dismiss, Plaintiffs' motion for leave to amend is granted.

<u>LEGAL STANDARDS</u>

Rule 15 of the Federal Rules of Civil Procedure provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave."[6]  Courts should "freely give leave when justice so requires."[7]  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."[8] "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment."[9]  Prejudice to the opposing party is the "most important" factor in deciding whether to allow leave to amend.[10]

---

[4] (*See* Mot. for Leave to Amend 2, Doc. No. 50.)

[5] (*See* Andra Rush's Opp'n to Pls.' Mot. for Leave to File Second Am. Compl. ("Opp'n") 2, Doc. No. 58.)

[6] Fed. R. Civ. P. 15(a)(2).

[7] *Id.*

[8] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotation marks omitted).

[9] *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (internal quotation marks omitted).

[10] *Minter*, 451 F.3d at 1207.

Although futility alone is a sufficient basis to deny leave to amend,[11] courts may decline to engage in a futility analysis if the arguments would be more properly addressed in dispositive motions.[12]  Where futility arguments are duplicative of arguments which could be raised in a motion to dismiss, courts have found that addressing them in the context of a motion to amend "place[s] the cart before the horse," and "[r]ather than forc[ing] a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place."[13]

<u>DISCUSSION</u>

First, Ms. Rush argues the proposed amendment is untimely.[14]  But where the court has yet to even issue a scheduling order setting a deadline for motions to amend in this case, the proposed amendment is not untimely.  Ms. Rush also claims that granting Plaintiffs leave to amend would unduly prejudice her; however, Ms. Rush does not explain the basis for this

---

[11] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[12] *See Lambe v. Sundance Mountain Resort*, No. 2:17-cv-00011, 2018 U.S. Dist. LEXIS 162268, at *7–8 (D. Utah Sept. 21, 2018) (unpublished) (declining to engage in a futility analysis where "the viability of [the new] claim is more appropriately addressed in the context of a dispositive motion as opposed to a motion for amendment"); *Stender v. Cardwell*, No. 07-cv-02503, 2011 U.S. Dist. LEXIS 38502, at *10–11 (D. Colo. Apr. 1, 2011) (unpublished) (declining to consider futility argument based on failure to state a claim, where the opposing party failed to assert undue prejudice and could raise the same arguments in the context of a motion to dismiss).

[13] *Obeslo v. Great-West Capital Mgmt.*, Nos. 16-cv-00230 & 16-cv-01215, 2017 U.S. Dist. LEXIS 223891, at *10 (D. Colo. Feb. 21, 2017) (unpublished), *R&R adopted*, 2017 U.S. Dist. LEXIS 223892 (D. Colo. Mar. 14, 2017).

[14] (Opp'n 3–4, Doc. No. 58.)

claim.[15]  In the absence of factual contentions demonstrating how allowing the amendment would prejudice her, Ms. Rush's generalized assertion rings hollow.

The remainder of Ms. Rush's arguments relate to futility.  First, Ms. Rush asserts Plaintiffs lack standing because their allegations do not show they have suffered a concrete injury or that any injury can be traced back to Ms. Rush.[16]  Second, Ms. Rush argues neither Plaintiffs' proposed complaint nor the existing complaint alleges facts with sufficient specificity to establish claims against Ms. Rush.[17]  However, it does not make sense to address futility in this context at this early stage.

Rather than forcing a Rule 12(b) motion into a Rule 15(a) opposition brief, Ms. Rush's arguments would be more properly addressed in the context of a motion to dismiss.  This is particularly true when Ms. Rush fails to show the proposed amendment would cause prejudice to her or is the result of undue delay, bad faith, or dilatory motive.  This case is still in its initial stages and allowing Plaintiffs to amend their complaint to make their allegations more specific will aid the parties at future stages.  For these reasons, the court declines to engage in a futility analysis.

Because Ms. Rush has not shown grounds sufficient to deny leave to amend, Plaintiffs' Motion for Leave to Amend[18] is GRANTED.  Plaintiffs shall the Second Amended Complaint in

---

[15] (*See id.* at 1–2.)

[16] (*Id.* at 2.)

[17] (*Id.* at 4–5.)

[18] (Doc. No. 50.)

the form found at docket number 52 within seven days of the date of this order.  Once filed on

the docket, the Second Amended Complaint will be the operative pleading in this case.

DATED this 26th day of October, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge